**Raghbir SINGH, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 10–71357.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 24, 2015.

Babak Pourtavoosi, Pannun the Firm, P.C., Jackson Heights, NY, for Petitioner.

Linda Y. Cheng, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Raghbir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder,* 590 F.3d 1034, 1039–40 (9th Cir. 2010), and we deny the petition for review.

The BIA upheld the IJ's adverse credibility determination based on inconsistencies between Singh's testimony and declaration regarding the number of times police allegedly arrested him. Substantial evidence supports the agency's adverse credibility determination. *See id.* at 1046–47 (Under REAL ID, inconsistencies no longer need to go to the heart of the claim in order to support an adverse credibility determination, but when the inconsistencies do go to the heart of the claim, they "doubtless [are] of great weight."). The agency was not compelled to accept Singh's explanations for the inconsistencies. *See Zamanov v. Holder,* 649 F.3d 969, 974 (9th Cir.2011). We reject Singh's contentions that the agency's analysis was deficient. We also reject Singh's contention that the IJ's questioning was improper. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on a due process claim). In the absence of credible testimony, Singh's asylum and withholding of remov-

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

al claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, Singh's CAT claim fails because it is based on the same evidence the agency found not credible, and Singh does not point to any record evidence that compels the conclusion that it is more likely than not he would be tortured by or with the acquiescence of the government if returned to India. *See Shrestha*, 590 F.3d at 1048–49.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.